**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KAREN O'BRIAN, Alternate Payee Under )
Qualified Domestic Relations Order,        )
                                                          )
                 Plaintiff,                           )
                                                          )
        v.                                              )        Civil Action No. 25-598-GBW-SRF
                                                          )
BOARD OF TRUSTEES, PLUMBERS &   )
PIPEFITTERS LOCAL 7 PENSION         )
FUND,                                              )
                                                          )
                 Defendant.                        )

**REPORT AND RECOMMENDATION**

Pending before the court in this civil action brought under the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, is a motion to dismiss the complaint

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by

defendant Board of Trustees, Plumbers & Pipefitters Local 74 Pension Fund ("Defendant" or

"the Plan"). (D.I. 16)[1] For the following reasons, I recommend that the court GRANT-IN-

PART the motion to dismiss.

**I.      BACKGROUND**

Plaintiff Karen O'Brian ("Plaintiff") is an alternate payee to the pension plan of her ex-

husband, Gregory Hudson. (D.I. 2 at 1-3) In 2013,[2] the Family Court of the State of Delaware

entered a Qualified Domestic Relations Order ("QDRO") awarding Plaintiff 50% of the marital

---

[1] The briefing associated with the pending motion to dismiss is found at D.I. 17, D.I. 20, and D.I. 21.

[2] Plaintiff's complaint states that the QDRO was entered on an unspecified date in 2013. (D.I. 2 at 3) Defendant attaches as an exhibit to the opening brief an "amended" QDRO dated December 4, 2014. (D.I. 17, Ex. B) On this record, it is not clear that the amended QDRO submitted by Defendant is the document incorporated by reference in Plaintiff's complaint.

portion of Hudson's accrued pension benefit. (*Id.* at 3)  Plaintiff began receiving her benefit in January of 2015, when she was 52 years old. (*Id.*)  Due to Plaintiff's age at the time benefit payments commenced, Defendant reduced Plaintiff's benefit by about 50%.  According to Plaintiff, Defendant failed to provide a written election form, a written explanation for the reduction, or a citation to a pension plan provision authorizing the reduction before reducing her payments. (*Id.*)

Plaintiff inquired about the reduction in payments in 2016, 2018, and 2024, and she submitted a formal appeal in February of 2025. (*Id.*)  On May 7, 2025, Defendant indicated that Plaintiff's appeal would not be considered until at least May 13, 2025, when a Trustees' meeting was scheduled. (*Id.*)  On May 10, 2025, Plaintiff received a package containing the full pension plan document and current and prior summary plan descriptions ("SPDs").  The package did not include benefit election forms, written correspondence or notices explaining the actuarial reduction in Plaintiff's benefit, the actuarial calculation used to determine Plaintiff's monthly benefit, or the pension fund's QDRO procedures. (*Id.*)

Plaintiff brings five causes of action: (1) Count I seeks the recovery of benefits due under Section 502(a)(1) of ERISA; (2) Count II alleges that Defendant failed to provide a full and fair review under Section 503 of ERISA; (3) Count III seeks the imposition of statutory penalties for failure to provide pension plan documents; (4) Count IV alleges a breach of fiduciary duty under Sections 502(a)(2) and 409(a) of ERISA; and (5) Count V alleges a violation of Plaintiff's procedural rights based on Defendant's alleged failure to obtain informed consent. (*Id.* at 5-7) Defendant moves to dismiss all five counts of the complaint. (D.I. 17)

2

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

3

## III.    ANALYSIS

I recommend that the court GRANT Defendant's motion to dismiss Count III of the complaint, which seeks statutory penalties for failure to provide plan documents under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)(B).  (D.I. 2 at 6)  These statutory provisions apply to plan administrators.  Section 1132(c) governs a plan administrator's refusal to supply requested information, and Section 1024(b)(4) requires the plan administrator to furnish a copy of plan documents upon the written request of a plan participant or beneficiary.  29 U.S.C. §§ 1024(b)(4), 1132(c)(1)(B).  Plaintiff brings her claims against the Plan itself and does not name a Plan administrator.[3]

I further recommend that the court GRANT Defendant's motion to dismiss Count IV of the complaint.  To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege: "(1) a plan fiduciary (2) breache[d] an ERISA-imposed duty (3) causing a loss to the plan."  *Chaaban v. Criscito*, 468 F. App'x 156, 161–62 (3d Cir. 2012) (citing *Leckey v. Stefano*, 501 F.3d 212, 225–26 (3d Cir. 2007)).  A plan fiduciary "must be someone acting in the capacity of manager, administrator, or financial adviser to a 'plan.' "  *Pegram v. Herdrich*, 530 U.S. 211, 222, (2000) (citing 29 U.S.C. §§ 1002(21)(A)(i)-(iii)).  Plaintiff's claim is brought against the Plan itself and does not name a fiduciary.  Moreover, the complaint alleges a miscalculation of Plaintiff's personal benefit and does not identify a loss to the Plan.  (D.I. 2 at 6-7)

---

[3] Defendant contends that it is not a proper defendant under any cause of action in the complaint, but it only provides a specific statutory basis to support its argument for Count III.  (D.I. 17 at 8) The court declines to recommend dismissal of these counts in the absence of any substantive argument supporting dismissal.

I recommend that the court DENY Defendant's motion to dismiss Counts I, II, and V of the complaint. Defendant contends that Counts I, II, and V should be dismissed under the applicable statute of limitations. (D.I. 17 at 5-6) In support, Defendant sets forth the law governing the applicable statute of limitations without applying the law to the facts of the case.[4] The court declines to recommend dismissal of these claims in the absence of any substantive argument supporting dismissal.

Defendant also seeks dismissal of Counts II and V for failure to meet the pleading standard of plausibility, but these arguments rest on matters outside the complaint. Generally, the court may not consider matters outside the pleadings when adjudicating a motion to dismiss under Rule 12(b)(6). *See JPMorgan Chase Bank, Nat'l Ass'n v. Argus Information & Advisory Servs. Inc.*, 765 F. Supp. 3d 367, 375 (D. Del. 2025) (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)). Exceptions to the general rule may apply when the documents are incorporated by reference into the complaint or integral to the claims, subject to judicial notice, or matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Defendant's argument for dismissal of Count II refers to a May 3, 2016 letter from Defendant's counsel to Plaintiff that explains the calculation of Plaintiff's benefits. (D.I. 17 at 10) Defendant also argues that the May 3, 2016 letter shows that its actions were not "arbitrary and capricious." (*Id.* at 11) Although the May 3, 2016 letter is attached as Exhibit D to Defendant's opening brief, Plaintiff's complaint does not refer to it and Defendant does not

---

[4] Defendant provides substantive argument in support of its motion to dismiss Count IV of the complaint based on the applicable statute of limitations. The court recommends dismissal of Count IV for failure to state a claim for breach of fiduciary duty discussed *supra*, as the statute of limitations argument relies on documents outside the pleadings. (D.I. 17 at 6-7)

identify a basis for the court's consideration of the letter in the context of a Rule 12(b)(6) motion to dismiss. Similarly, Defendant's argument for dismissal of Count V alludes to the QDRO and the calculation of Plaintiff's benefits in an apparent reference to Exhibits A and B to the motion to dismiss. (D.I. 17 at 10; Exs. A-B) As explained at n.2, *supra*, it is not clear on this record that the amended QDRO attached to Defendant's motion is the same document referenced in the complaint.

The court declines to convert the motion to dismiss into one for summary judgment and therefore does not consider the exhibits attached to Defendant's opening brief. *See* Fed. R. Civ. P. 12(d); *CareDx, Inc. v. Natera, Inc.*, C.A. No. 19-662-CFC-CJB, 2019 WL 7037799, at *4 (D. Del. Dec. 20, 2019), *report and recommendation adopted*, 2020 WL 401773 (D. Del. Jan. 24, 2020). Because Defendant's arguments for dismissal of Counts II and V rest on the excluded exhibits, I recommend that the court DENY the motion to dismiss Counts II and V.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT-IN-PART the pending motion to dismiss. (D.I. 16) Specifically, I recommend that the court GRANT the motion to dismiss Counts III and IV without prejudice and DENY the motion to dismiss Counts I, II, and V.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right

to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 17, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7